IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,        §
                                 §
                    Plaintiffs,  §
                                 §  Criminal  No. 3:17-CR-460-D(11)
VS.                              §
                                 §
BAZAVIOUS RIVERS,                §
                                 §
                    Defendant.   §

MEMORANDUM OPINION
AND ORDER

Defendant Bazavious Rivers moves to sever his trial from the trial of his codefendants, asserting his rights under the Speedy Trial Act, 18 U.S.C. §§ 3163-3174, and moves for a speedy trial. For the reasons that follow, the court denies the motion for severance and grants the motion for a speedy trial to the extent that the trial setting will comply with the requirements of the Speedy Trial Act and the Sixth Amendment.

I

On September 12, 2017 the grand jury indicted Rivers and 11 other defendants on various drug and weapon charges. Count One charges a conspiracy to distribute cocaine; Count Two charges the offense of possession with intent to distribute marijuana, and aiding and abetting; and Count Three charges possession of a semiautomatic assault weapon in furtherance of a drug trafficking crime. Federal agents arrested Rivers on this indictment on September 20, 2017 and filed a motion for pretrial detention the next day. Rivers' initial appearance was conducted on September 21, 2017. He waived his right to a detention

hearing at his initial appearance.

In its first trial scheduling order, the court set defendants' trial for January 29, 2018. The court has since continued this date three times, each time in response to a defense motion. On December 20, 2017 defendant Denton Allmon ("Allmon") moved to continue the trial setting and related pretrial deadlines. Rivers' then-counsel, Albert Munguia, Esquire ("Munguia"), did not oppose the motion or assert Rivers' speedy trial rights. The court granted Allmon's motion, finding that the ends of justice served by granting the continuance outweighed the interest of the public and defendant in a speedy trial. The court continued the trial of all other defendants, including Rivers, citing 18 U.S.C. § 3161(h)(6), a provision of the Speedy Trial Act, which excludes from the speedy clock calculation "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted[.]"

After the first continuance, the grand jury handed up a second superseding indictment on January 9, 2018. The second superseding indictment added two defendants and extended the end-date of the alleged conspiracy.

On February 5 and 8, 2018 Munguia moved to withdraw as Rivers' counsel. On February 9, 2018 the magistrate judge granted the motions and appointed Rivers' current counsel.

On February 6, 2018 defendant Jacqueray Adams ("Adams") moved to continue the trial, citing the need for more time to prepare because his counsel had just recently been retained. Munguia, who had moved to withdraw as Rivers' counsel, did not respond when

Adams' counsel attempted to confer regarding the motion, or otherwise assert Rivers' speedy trial rights. The court granted Adams' motion and continued the trial to July 30, 2018.

On March 11, 2018 Adams' retained counsel moved to withdraw. After the magistrate judge granted that motion and appointed new counsel, Adams' third lawyer filed an unopposed motion for continuance on May 21, 2018. Rivers—now represented by his second appointed counsel—opposed the motion and filed the instant May 24, 2018 motion for severance, contending that further delay in reaching the case for trial violates his right to a speedy trial. While Rivers' motion was pending, the court granted Adams' May 21, 2018 motion and continued the trial to October 9, 2018, the current trial date. The government opposes Rivers' motion.

## II

"It is well settled in this circuit that codefendants who are indicted together should be tried together." *See United States v. Oliver*, 2008 WL 2511751, at *1 (N.D. Tex. Jun. 23, 2008) (Fitzwater, C.J.) (citing *United States v. Lopez*, 979 F.2d 1024, 1035 (5th Cir. 1992)). "Joinder is the rule rather than the exception." *United States v. Mikolajczyk*, 137 F.3d 237, 240 (5th Cir. 1998). In particular, codefendants charged with conspiracy should be tried together. *See United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993); *United States v. Kahaner*, 203 F. Supp. 78, 80-81 (S.D.N.Y. 1962) (noting that persons who are indicted together should be tried together particularly "where the indictment charges a conspiracy or a crime which may be proved against all the defendants by the same evidence"), *aff'd*, 317

F.2d 459 (2d Cir. 1963). The court should grant a severance only upon finding that there is a serious risk that a joint trial would compromise a specific trial right of one defendant, or prevent the jury from making a reliable judgment on guilt. *See United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir. 1994) (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

To decide Rivers' motion for severance, the court must balance the potential prejudice to Rivers against the public interest in joint trials. *See Oliver*, 2008 WL 2511751, at *1 (citing *United States v. Berkowitz*, 662 F.2d 1127, 1132 (5th Cir. Unit B Dec. 1981)). To obtain a trial severance, Rivers must do more than show some prejudice; he must demonstrate that he will receive an unfair trial and suffer specific and compelling prejudice against which the court cannot protect him. *See United States v. Mitchell*, 484 F.3d 762, 775 (5th Cir. 2007).

### III

Rivers' sole basis for seeking a severance is the assertion that the failure to sever his trial from that of his codefendants will violate his right to a speedy trial under the Speedy Trial Act and the Sixth Amendment.

### A

The Speedy Trial Act requires that a trial commence within 70 days from the later of the date the indictment is filed and made public or the date the defendant appears for his initial appearance before a judicial officer of the court in which the charge is pending. *See* 18 U.S.C. § 3161(c)(1). But certain periods of time are excluded from the speedy trial clock,

including "[a]ny period of delay resulting from a continuance granted by any judge . . . on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting an "ends of justice" continuance, the court may do so on the basis that "failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(iv).

Rivers maintains that this case is not complex and, consequently, that no continuance can be justified under the Speedy Trial Act. The court disagrees. A case need not qualify as "complex" under the Speedy Trial Act to justify a trial continuance. Indeed, § 3161(h)(7)(B)(iv) specifically contemplates granting an "ends of justice" continuance "in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii)," i.e., a case that does not qualify as "complex" under § 3161(h)(7)(B)(ii). In the present case, the court granted "ends of justice" continuances in response to three defense motions: Allmon's December 20, 2017 motion, and Adams' February 6, 2018 and May 21, 2018 motions. In each motion, one of Rivers' codefendants requested a continuance, and the court granted an "ends of justice" under § 3161(h)(7)(B)(iv). After considering each motion, the court explicitly found in its orders that (1) the ends of justice served by the granting of a trial continuance outweighed the best interests of the public and the defendant in a speedy trial; (2) the failure to grant a continuance would deny defendant's counsel the reasonable time

necessary for effective preparation, taking into account the exercise of due diligence; and (3) taking into account the exercise of due diligence by defense counsel, a continuance was necessary for effective preparation by defense counsel. It also concluded that continuing the trials of the codefendants who had not moved for a continuance complied with 18 U.S.C. § 3161(h)(6), a provision of the Speedy Trial Act that excludes from the speedy clock calculation "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and *no motion for severance has been granted*[.]" 18 U.S.C. § 3161(h)(6) (emphasis added).

Rivers has not demonstrated any basis to undermine these findings or to challenge the continuances, each of which was granted in response to a defense motion. Therefore, the current trial date of October 9, 2018 fully complies with the requirements of the Speedy Trial Act, and Rivers is not entitled to a severance on the basis that delay is violating his rights under the Act.

B

Rivers' right to a speedy trial is also guaranteed by the Sixth Amendment. But "[i]t will be the unusual case . . . where the time limits under the Speedy Trial Act have been satisfied but the right to a speedy trial under the Sixth Amendment has been violated." *See United States v. Newton*, 2010 WL 769507, at *3 (N.D. Tex. Mar. 8, 2010) (Fitzwater, C.J.) (quoting *United States v. Bieganowski*, 313 F.3d 264, 284 (5th Cir. 2002)).

To decide whether Rivers' Sixth Amendment speedy trial right has been violated, the court applies the four-factor test set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), which

considers "(1) 'length of delay,' (2) 'the reason for the delay,' (3) 'the defendant's assertion of his right,' and (4) 'prejudice to the defendant.'" *United States v. Molina-Solorio*, 577 F.3d 300, 304 (5th Cir. 2009) (quoting *Barker*, 407 U.S. at 530). The length of delay is a threshold inquiry—where the delay between the indictment and trial exceeds one year, the court should "undertake[] a full *Barker* analysis, looking to the first three factors to decide whether prejudice will be presumed." *Molina-Solorio*, 577 F.3d at 304 (internal quotation marks omitted); *see also United States v. Jackson*, 549 F.3d 963, 971 (5th Cir. 2008). "Prejudice may be presumed where the first three factors weigh heavily in the defendant's favor." *United States v. Parker*, 505 F.3d 323, 328 (5th Cir. 2007) (quoting *United States v. Hernandez*, 457 F.3d 416, 421 (5th Cir. 2006)) (internal quotation marks omitted). Under the current trial setting order, by the time the trial commences, more than one year will have elapsed since Rivers was indicted; therefore, the court will evaluate the first three factors to determine whether to presume prejudice.

C

1

The length of the delay in Rivers' case is not long enough to presume prejudice based on this factor alone. *See Parker*, 505 F.3d at 328-29 ("We have held that delays of less than five years are not enough, by duration alone, to presume prejudice."). The court will assume, without deciding, that the delay is approximately 1 year and 27 days. This factor does not weigh in Rivers' favor. *See id.* at 329 n.2 (citing cases that hold that fourteen months, sixteen months, and three years and nine months are insufficient delays to presume prejudice).

Second, the reason for the delay weighs against Rivers. "In examining the reasons for the delay, we must heed the Supreme Court's warning that 'pretrial delay is often both inevitable and wholly justifiable.'" *Neal*, 27 F.3d at 1043 (quoting *Doggett v. United States*, 505 U.S. 647, 656 (1992)). This principle applies in this case, where the delay results from several defense requests for continuances. *See United States v. Washington*, 2009 WL 1664570, at *4 (W.D. La. June 11, 2009) (citing *Neal*, 27 F.3d at 1043). "Because the delays were not the result of the government's negligence or bad faith, but instead are attributable to [Rivers'] co-defendants, this factor weighs in favor of the state." *United States v. Wood*, 248 F.3d 1143, 2001 WL 185047, at *3 (5th Cir. 2001) (per curiam).

Although in his motion Rivers asserts his right to a speedy trial, he has not diligently pursued that right. This is Rivers' first objection to a codefendant's request for a trial continuance. Before his current counsel[1] was appointed, he explicitly consented to the first continuance and was silent as to the second. Even if the court were to excuse Rivers' lack of an objection to the second continuance based on the impending change in Rivers' counsel, this factor is alone insufficient to establish a presumption of prejudice. Because the first three *Barker* factors must weigh heavily in Rivers' favor to support a presumption of prejudice, the court holds that prejudice is not presumed.

---

[1]Paul T. Lund, Esquire, who currently represents Rivers, was appointed on February 9, 2018 and objected to the first continuance sought while he has been Rivers' counsel.

Because prejudice is not presumed, Rivers must "demonstrate 'actual prejudice' that outweighs the other factors." *Newton*, 2010 WL 769507, at *3 (citing *United States v. Harris*, 566 F.3d 422, 433 (5th Cir. 2009)). "'Actual prejudice' is assessed in light of the three following interests of the defendant: (1) 'to prevent oppressive pretrial incarceration'; (2) 'to minimize anxiety and concern of the accused'; and (3) 'to limit the possibility that the defense will be impaired.'" *Id.* (quoting *Harris*, 566 F.3d at 433). A defendant's prejudice due to an impaired defense is the most serious concern. *See Barker*, 407 U.S. at 532. Rivers maintains he has experienced actual prejudice under the first and the third interests.

Rivers first contends that his continued incarceration for the mere allegations of crimes results in actual prejudice. This conclusory assertion, however, is not supported by facts or case law in Rivers' brief. As explained *supra* in § III(A), the court has found that the detention for a little over one year is justified in this case. Furthermore, "[a] lengthy pretrial incarceration does not inherently offend a defendant's liberty interests" to the extent needed to demonstrate the actual prejudice of a Sixth Amendment violation. *United States v. Frye*, 489 F.3d 201, 213 (5th Cir. 2007).[2] Therefore, Rivers has failed to demonstrate actual prejudice under this interest.

---

[2]Although Rivers is of course presumed to be innocent of the charges against him, if he is found guilty at trial, he will receive credit for his time in detention between his arrest and trial. *See, e.g., Frye*, 489 F.3d at 213; *Gray v. King*, 724 F.2d 1199, 1204 (5th Cir. 1984); *see also* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed[.]").

Rivers also maintains that he is prejudiced because "as . . . more time passes, the less reliable witness memory becomes and the more remote in time critical occurrences during the frame of the indictment are." D. Mot. for Severance 5. He contends that this will make presenting such evidence difficult at trial. But "[t]his blanket statement gives no indication as to the content and relevance of the lost testimony, and how its absence impaired [Rivers'] defense; nor does [Rivers] explain why he or his attorneys failed to take any steps to preserve this testimony for trial" or are otherwise unable to do so now. *Washington*, 2009 WL 1664570, at *5 (citing *Neal*, 27 F.3d at 1043). As a result, Rivers has not demonstrated actual prejudice under this factor either.

Because Rivers has failed to make the required showing of actual prejudice, he has not demonstrated that his Sixth Amendment right to a speedy trial has been violated.

\* \* \*

For the reasons explained, the court denies Rivers' motion for severance. The court grants Rivers' motion for a speedy trial to the extent that the trial setting will comply with the requirements of the Speedy Trial Act and of the Sixth Amendment.

**SO ORDERED**.

July 24, 2018.

_____

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE